IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| AF HOLDINGS, LLC | : Case No.: |
| Plaintiff, | : |
| | : |
| | : Related Civil Action No.: |
| v. | : 2:12-cv-00262-WCO (N.D. Ga.) |
| | : |
| RAJESH PATEL, | : |
| | : |
| Defendant. | : |

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL AND
FOR CONTEMPT AGAINST PAUL HANSMEIER

This Motion and Memorandum stems from a case pending in the United States District Court for the Northern District of Georgia: *AF Holdings, LLC v. Patel*; Docket No. 2:12-00262-WCO ("Patel Case"). In that case, the Court granted the parties discovery for a time period up to and including September 5, 2013. Minute Order entered July 2, 2013 [Doc. No. 50].

On August 5, 2013, Paul Hansmeier ("Hansmeier") was served with a subpoena in connection with the Patel Case, a true and correct copy of which is attached as <u>Exhibit A.</u> Hansmeier did not serve an objection to the subpoena pursuant to Fed. R. Civ. P. Rule 45(c)(2)(B)(i), nor otherwise informally object, nor did he comply with it by its due date of August 20, 2013. *See* Declaration of Blair Chintella.

1

On August 22, 2013, defense counsel in the Patel Case Blair Chintella ("Chintella") left a voicemail with Hansmeier to attempt to resolve this non-compliance. *Decl. of Blair Chintella.* Hansmeier returned the phone call while Chintella was in the middle of a meeting so Hansmeier and Chintella exchanged e-mail addresses and Chintella told Hansmeier to e-mail him a formal request to extend the time to comply because he wanted to have a record of their correspondence. *Id.* Chintella did not promise Hansmeier an extension of time nor did Chintella ever receive an e-mail from Hansmeier requesting an extension of time. *Id.*

Chintella contacted Hansmeier yet again on August 27, 2013 to try and obtain compliance with the subpoena. *Id.* In response, Hansmeier falsely stated that Chintella had promised an extension of time up to and including August 30, 2013, but Hansmeier assured that he planed to comply and would comply by that date. *Id.* In good faith, on August 28, 2013 Chintella gave Hansmeier an additional week from when they spoke on the phone to comply with the subpoena, but made it clear that Mr. Patel as not waiving Hansmeier's failure to object within fourteen (14) days pursuant to Rule 45(c)(2)(B)(i). Hansmeier failed to comply with the subpoena a second time despite giving assurances that he would do so. *Id.*

## ARGUMENT

A subpoena is a court order and must be obeyed. *United States v. Allison*, 619 F.2d 1254 (8th Cir. 1980); *Fisher v. Marubent Cotton Corp.*, 526 F.2d 1338, 1340 (8th Cir. 1975). Pursuant to Fed. R. Civ. P. 45(c)(2)(B)(i), the target of a subpoena has fourteen (14) days to object otherwise any possible objections are waived. *See e.g. Horace Mann Ins. Co. v. Nationwide Mut. Ins. Co.*, 240 F.R.D. 44, 48 (D. Conn. 2007); *McCabe v. Ernst & Young, LLP*, 221 F.R.D. 423, 425-26 (D. N.J. 2004). If a person properly serves an objection, it generally suspends a person's duty to comply with the subpoena. *See e.g. U.S. S.E.C. v. Hyatt*, 621 F.3d 687, 693-94 (7th Cir. 2007). Hansmeier did not object within 14 days of service, nor has he since then. Counsel for AF Holdings in the Georgia case has sought a protective order, which had been denied, and since renewed that request. However, even if such an order were eventually entered, under controlling law in Georgia, seeking a protective order *does not* suspend a person's duty to comply with discovery. *See e.g. Hepperle v. Johnston*, 590 F.2d 600, 613 (5th Cir. 1979) (a person is still required to attend a deposition despite the fact that the court had yet to rule on a motion for a protective order).[1] *Accord Batt v. Kimberly-Clark Corp.*,

---

[1] The Patel Case is pending in Georgia which is within the Eleventh Circuit. Although this citation is to a Fifth Circuit case, the Eleventh Circuit has adopted as *precedent* all "former" Fifth Circuit decisions existing on September 30, 1981. *See Bonner v. Prichard*, 661 F.2d 1206, (11th Cir. 1981).

3

438 F. Supp. 2d 1315, 1317-18 (N.D. Okla. 2006) (duty remains to comply with a subpoena).

After a person refuses to comply with a subpoena, the serving party may "move the issuing court for an order compelling production." Fed. R. Civ. P. 45(c)(2)(B)(i). The issuing court may also "hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena." Fed. R. Civ. P. 45(e). *See also Shillitani v. United States Pappadio v. United States*, 384 U.S. 364, 370 (1966) ("There can be no question that courts have inherent power to enforce compliance with their lawful orders through civil contempt.").

It is undisputed that Hansmeier was properly served with a subpoena for the production of documents (Exhibit A) that he did not serve and objection to the subpoena (Exhibit B) and that he did not comply with it despite being given an extension of time. Therefore, it would be appropriate to compel Hansmeier to comply with the subpoena or to find him in contempt for his failure to comply. Because Hansmeier did not have an "adequate excuse" in refusing to comply, a finding of civil contempt would be appropriate. *Int'l Union, United Mine Workers of America v. Bagwell*, 512 U.S. 821 (1994) (stating that a purpose of civil contempt is to coerce compliance with the Court's orders). No "excuse" was given for Hansmeier's non-compliance much less an "adequate" one.

Additionally, Patel has grave concerns that Hansmeier may be deliberately

4

delaying production of subpoenaed documents until after the discovery deadline in the Georgia case. Hansmeier has demonstrated a willingness to refuse to answer even the most basic questions relating to his affiliation with the plaintiff AF Holdings, LLC. By way of example, when ordered to appear and answer questions in an evidentiary hearing concerning AF Holdings, LLC and a related entity Ingenuity13, LLC, Hansmeier invoked the Fifth Amendment rather than testify in a civil case about his relationship or knowledge of AF Holdings or Ingenuity13. *See Ingenuity 13 LLC v. John Doe,* 12-cv-8333 ODW (C.D. Cal.) (April 2, 2013). This lead to the judge in that case to conclude that Hansmeier, along with others, is a *de facto* owner and officer of AF Holdings, and that AF Holdings and Ingenuity13 "have demonstrated their willingness to deceive not just this Court, but other courts where they have appeared." *Id.* [Doc. 130 at 5]. The only reasonable conclusion to be drawn from Hansmeier's complete failure to comply with the subpoena is that Hansmeier has no intention of complying with the subpoena and intends to delay production as long as possible.

## CONCLUSION

Hansmeier did not object to the subpoena nor did he comply with it despite being given an extension of time. Therefore, he should be compelled to comply with the subpoena and held in contempt with a fine accruing of $500 per day, or any other amount this court finds reasonable and just, payable to Mr. Patel until he purges himself of that contempt.

Respectfully Submitted,

Dated: August 30, 2013

s/ Paul Godfread
Paul Godfread (389316)
GODFREAD LAW FIRM, P.C.
100 South Fifth Street, Suite 1900
Minneapolis, MN 55402
(612) 284-7325
paul@godfreadlaw.com

*Attorney for Rajesh Patel*