# EXHIBIT B

Copy of Subpoena - Paul Hansmeier



AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of Minnesota

| AF Holdings, LLC | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 2:12-cv-00262-WCO |
| | ) | |
| Rajesh Patel | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | Northern District of Georgia ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Paul Hansmeier

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See attached Exhibit A.

| Place: Paul Godfread c/o Blair Chintella<br>100 S. 5th St., Ste. 1900<br>Minneapolis, MN 55402 | Date and Time:<br><br>08/20/2013 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: ___08/04/2013___

CLERK OF COURT

OR

_____       _____/s/ Blair Chintella_____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*    Rajesh Patel
_____ , who issues or requests this subpoena, are:

Blair Chintella; 2483 Shoals Ter., Decatur, GA 30034; bchintel1@gmail.com; 404-831-5779.

<u>Exhibit A</u>

(Mr. Patel requests that all information be produced in its native original format, no copies of original signatures, for example. If a Document is electronic, please produce it in its native format or convert it to a .PDF (but only if metadata will not be lost). A paper printout is a last resort but is acceptable if an electronic Document cannot be converted to a .PDF. Please contact attorney Blair Chintella with any questions or to clarify: 404-831-5779)

**Definitions**

1. "6881" means 6881 Forensics, LLC listed on docket item 4-1 in the Prior Lawsuit.
2. "Action" means lawsuit that this subpoena pertains to.
3. "Alan Cooper" means the Person that purportedly signed the copyright assignment relevant to this Action.
4. "ALG" mean Anti-Piracy Law Group, LLC, an Illinois entity.
5. "Alpha" means Alpha Law Firm, LLC, a Minnesota LLC.
6. "Angel Van Den Hemel" means a paralegal of Prenda.
7. "AF Holdings" means the plaintiff in this Action.
8. "Bessemer" means Bessemer Films, LLC, Delaware and Florida entities.
9. "Brett Gibbs" means the attorney licensed in California that was at one point affiliated with Prenda.
10. "Contact Information" means all legal name, all business and residential addresses, all business and personal phone numbers, all business and personal e-mail addresses, and the Identity of all officers, directors, shareholders, employees, independent contractors, "corporate representatives" or other agents.
11. "Document" means the broad meaning of that term as defined and interpreted under the Federal Rules of Civil Procedure, including but not limited to digital and non-digital document formats, the original of a document and each non-identical copy (whether different from the original by means of notes made on such copy or otherwise), and – if the original is not in existence or subject to your control – each copy, regardless of origin or location, of any handwritten, typewritten, printed, computerized, electronically stored, recorded, transcribed, punched, taped, photocopied, photostatic, "telexed," filmed, microfilmed or otherwise prepared matter, however produced or reproduced, including but not limited to all electronically stored information, email messages, letters, correspondence, memoranda, telegrams, telexes, cables, memoranda or minutes of meetings or conversations (in person or telephonic), reports, notes, computer discs, tapes and files, legal documents, electronica data and writings of every description.
12. "Heartbreaker" means Heartbreaker Digital, LLC, a Nevada entity.
13. "Individual" means a human being.
14. "Jayme Steele" means the relative of John Steele.
15. "Joseph Perea" means attorney licensed in Florida that is/was affiliated with Prenda.
16. "Kerry Steele" means the wife of John Steele (aka Kerry Eckenrode).
17. "Livewire" means Livewire Holdings, LLC.
18. "Mark Lutz" means the Person that claims to be the CEO of Plaintiff.
19. "Nazaire" means Jacques Nazaire.

1

20. "MCG" means Media Copyright Group, LLC, a Minnesota entity.
21. "MCGIP" means MCGIP, LLC, a Minnesota entity.
22. "Michael Dugas" means the attorney licensed in Minnesota that is affiliated with Prenda.
23. "Paul Duffy" means the purported principal of Prenda.
24. "Paul Hansmeier" means the person deposed as a representative of AF Holdings.
25. "Peg Leg" means Peg Leg Productions, LLC, a Florida entity.
26. "Person" means any individual, corporation, proprietorship, partnership, trust, association or any other entity.
27. "Pertain" and "Pertaining" mean and include: refers to, contains, concerns, Describes, describes embodies, mentions, constitutes, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts or contradicts.
28. "Peter Hansmeier" means the brother of Paul Hansmeier.
29. "Prenda" means Prenda Law, Inc., an Illinois entity.
30. "Prior Lawsuit" means the lawsuit filed in the United States District Court for the District of Columbia: *AF Holdings, LLC v. Does 1,058*; 1:12-cv-00048.
31. "Relevant Persons" means Brett Gibbs, John Steele, Joseph Perea, Mark Lutz, Michael Dugas, Paul Duffy, Paul Hansmeier, Peter Hansmeier, Angela Van Den Hemel, Tommy Labriola, Alan Cooper, Brett Gibbs, Allan Mooney, AF Holdings, Salt Marsh, Jayme Steele, Kerry Steele, Ms. Dugas, APL, Prenda, Raymond Rogers, Heartbreaker, MCG, MCGIP, LLC, Alpha, Livewire, VPR, Peg Leg, Bessemer, Nazaire, Guava, LLC, VPR, and 6881.
32. "S&H" means Steele Hansmeier, PLLC, a Minnesota PLLC.
33. "Salt Marsh" means the "unidentified beneficiary" trust referred to by Paul Hansmeier in his deposition on behalf of AF Holdings.
34. "Tommy Labriola" means the purported employee of Livewire.
35. "VPR" means VPR Inc., a Nevada entity.
36. "Work" means the allegedly copyrighted work referred to in Plaintiff's Complaint in this action and the Prior Action.

### Subpoenaed Material

1) Any Documents that were shown or given to you in preparation for your deposition in California as a Rule 30(b)(6) designated person for AF Holding, LLC.
2) A Document showing *each aspect* of your Contact Information for the time period beginning November 2, 2012 until August 5, 2013.
3) Any Documents Pertaining to your ownership, control or ability to access any domains, including but not limited to the following: mediacopyrightgroup.com, wefightpiracy.com, wefightpiracy.org, dangerousxxx.com, livewireholdings.com, naughty-hotties.com, notissues.com, prendalawfirm.com, copyrightlitigationgroup.com, 6881forensics.com and perealawfirm.com.
4) The original assignment agreement attached to the complaint in this Action.
5) Any and all Documents constituting or forming part of a contract, agreement or retainer agreement between you, Alpha or S&H and any Person that Pertains to AF Holdings or this Action.

2

6) Any Document constituting or forming part of a contract or agreement between you, Alpha or S&H and any Relevant Person existing or created during the time period beginning January 22, 2010 until the present.
7) Any and all Documents evidencing the creation of the following Persons: AF Holdings, LLC, Livewire, Salt Marsh, S&H, Alpha, MCGIP, LLC, MCG, 6881, VPR, Guava, LLC, APL, and Ingenuity 13, LLC.
8) Any and all Documents identifying the Persons having ownership or ability to control Pertaining to the following Persons anytime during the time period beginning January 22, 2010 until the present: AF Holdings, Livewire, Guava, LLC, Salt Marsh, Alpha, S&H, MCGIP, LLC, MCG, 6881, VPR, APL, Ingenuity 13, LLC, and any other Person in which you, Alpha or S&H have or had an ownership or controlling interest at any time.
9) Any Document showing money received by you, Alpha or S&H from any Person during the time period beginning January 1, 2012 until August 5, 2013 Pertaining to AF Holdings or this Action.
10) Any Document showing money deposited into a bank account owned or controlled by you, S&H or Alpha Pertaining to: AF Holdings, LLC, VPR, MCGIP, LLC, Guava, LLC, Ingenuity 13, LLC, Livewire, APL, 6881 or Mark Lutz.
11) Any Document showing money withdrawn from a bank account owned or controlled by you, S&H or Alpha Pertaining to: AF Holdings, LLC, VPR, MCGIP, LLC, Guava, LLC, Ingenuity 13, LLC, Livewire, APL, 6881 or Mark Lutz.
12) Any Documents constituting or forming part of correspondence between you, Alpha or S&H Pertaining to AF Holdings, LLC or this Action.
13) Any Document Pertaining to a book keeper in Las Vegas named Cathy.
14) Any Document constituting or forming part of a contract or agreement between you, Alpha or S&H and any internet service provider.

Signed August 4, 2013: _____
                       Blair Chintella

3

CASE 0:13-mc-00068-JNE-FLN   Document 4-1   Filed 08/30/13   Page 6 of 6

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

### Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).