UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

AF Hodlings, LLC,                                         Case No. 13-mc-68 (JNE/FLN)

          Plaintiff,

v.

                                            **ORDER**

Rajesh Patel,

          Defendant.

_____

Paul Hansmeier, *pro se*.
Paul Godfread for Defendant.

_____

**THIS MATTER** came before the Undersigned Magistrate Judge in October, 2013 on Defendant's motion to compel a subpoena response and for contempt (ECF No. 1). This motion stems from a case pending in the Northern District of Georgia. Case. No. 12-262. Pursuant to Patel's efforts in that case, Attorney Paul Hansmeier was served with a third-party subpoena in Minnesota on August 5, 2013. The subpoena seeks information pertaining to, *inter alia*, Hansmeier's relationship with AF Holdings. ECF No. 4-1. Later in August, AF Holdings filed a second motion for a protective order in the Georgia case. The motion sought, in part, to quash the third-party subpoenas issued earlier in August. Hence, when this motion was filed on August 30, 2013, the question of whether the third-party subpoena's should be quashed was pending before the court in the Northern District of Georgia. Case. No. 12-262 at ECF No. 60.

On December 18, 2013 the Northern District of Georgia denied AF Holding's motion to quash the third-party subpoenas. *Id.* at ECF No. 90. The Court stated:

A party has standing to challenge a subpoena when the party "alleges a personal right

1

or privilege with respect to the materials subpoenaed." *Stevenson v. Stanley Bostitch, Inc.*, 201 F.R.D. 551, 554-55 n.3 (N.D. Ga. 2001) (collecting cases) (internal quotation marks omitted). A party may not object to a third-party subpoena absent an alleged threat to a personal right or privilege. *See Maxwell v. Health Ctr. Of Lake City, Inc.*, 2006 U.S. Dist. LEXIS 36774, 2006 WL 1627020, at *2 (M.D. Fla. June 6, 2006) (citations omitted). Plaintiff did not state any reason to quash the third-party subpoenas beyond a completely unsupported allegation that the requested information "may embarrass the third parties or contain the incorrect dates or incorrect IP addresses." (Pl.'s Mot. Protective Order 4, ECF No. 60.) None of these alleged threats have any relationship to plaintiff's rights or privileges.

In regard to the subpoena served on Hansmeier, Patel argues that Hansmeier has waived all objections to the subpoena because he did not object within 14 days of being served. ECF No. 2; Fed. R. Civ. P. Rule 45(c)(2)(B)(I). Hansmeier, however, maintains that he was not properly served. ECF No. 11 at 5. The Court finds that service was proper and that Hansmeier must now comply with the subpoena.

Hansmeier was served on August 5, 2013 at the U.S. District Court of Minnesota Courthouse after completion of a status conference on the *AF Holdings v. Doe* cases that are pending before this Court. *See* ECF Nos. 12-1445-49. Relying on *Lamb v. Schmitt,* Hansmeier argues that service was improper because "[i]t has long been established that those who come before a court are immune from service of process in other suits." 285 U.S. 222, 225 (1932). The Court is not persuaded by Hansmeirer's reading of *Lamb.* As explained by the Court in *Lamb* "[t]he privilege [] asserted . . . is founded in the necessities of the judicial administration, which would be often embarrassed, and sometimes interrupted, if the suitor might be vexed with the process while attending upon the court []." *Id.* at 225, *citing Parker v. Hotchkiss*, Fed. Case. 10,739. However, the Court in *Lamb* affirmed the lower court's conclusion that service of an attorney on a matter related to the one for which he appeared before the court was proper. *Id.* at 226. Granting immunity from service, the court reasoned, "might paralyze the arm of the court and defeat the ends of justice in the

very cause for the protection of which the immunity is invoked." *Id.* A similar conclusion is appropriate here. The interests of justice support finding that service was proper.

Based upon all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Patel's motion to compel and for contempt (ECF No. 1) is **GRANTED in part** and **DENIED in part**, as follows:

1. To the extent Patel seeks to compel Hansmeier to respond to the subpoena served on Hansmeier on August 5, 2013, the motion is **GRANTED**. Hansmeier shall reply to the subpoena in full by January 24, 2014.

2. To the extent Patel seeks to hold Hansmeier in contempt, the motion is **DENIED**.

DATED: January 13, 2014                                     *s/Franklin L. Noel*
                                                                                                  FRANKLIN L. NOEL
                                                                                                  United States Magistrate Judge